UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| Ray Nino, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| | § | |
| JPMorgan Chase N.A., | § | SA-11-CV-0564 FB (NN) |
| | § | |
| Defendant. | § | |

## Report and Recommendation

TO: **Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation addresses jurisdiction in this case. I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[1]

**Nature of the case**. This case flowed from the failure to repay a home equity loan. In 2004, plaintiff Reyes Nino, Jr.,[2] and wife Lisa Marie, borrowed $92,800.00 from

---

[1]Docket entry # 13.

[2]The plaintiff styled this case using the name "Ray Nino." The pleadings in the case show the plaintiff's name is "Reyes Nino, Jr."

lender SA Sterling. The Ninos secured the loan with equity in a house in San Antonio.[3]

The loan was transferred to another lender. The Ninos fell behind in their payments. On December 28, 2009, a lender trustee obtained an "order to proceed with notice of foreclosure sale and foreclosure" from the 407th Judicial District Court, Bexar county Texas. Foreclosure did not occur.

The loan was subsequently transferred to defendant JPMorgan Chase Bank N.A. (JPMorgan). The Ninos communicated with JPMorgan about modifying the loan. Believing JPMorgan would foreclose on the property, Reyes Nino filed this lawsuit in state court, in the 166th Judicial District Court, Bexar County.

In his original petition, Nino asked the state court to temporarily restrain JPMorgan from foreclosing on the loan. JPMorgan removed the case to this court on the basis of diversity jurisdiction.[4] JPMorgan then moved to dismiss the case under Rule 12(b)(6).[5]

Nino responded by amending his complaint and adding state causes of action.[6]

---

[3]The Ninos live in New Braunfels. The results of a Comal County property search suggest the money may have been used for the home in New Braunfels.

[4]Docket entry # 1.

[5]Docket entry # 4.

[6]Docket entry # 6.

JPMorgan moved to dismiss the amended complaint.[7] Nino responded and asked the district court to sanction JPMorgan for misrepresenting the law and the facts.[8] In considering the pending motions, I determined that no case or controversy existed when this case was removed and therefore this court lacks subject matter jurisdiction.

**Whether this case presents a case or controversy**. Nino's original petition sought injunctive relief to prevent JPMorgan from foreclosing on the San Antonio property. The petition also asked the court to declare that JPMorgan lacks authority to foreclose because it cannot prove it is the owner and holder of the note. Nino can proceed on these claims if the court has subject matter jurisdiction.

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'"[9] In the absence of a case or controversy, a federal court lacks subject matter jurisdiction.[10] "The doctrine of ripeness assures that federal courts

---

[7]Docket entry # 7.

[8]Docket entry # 8.

[9]*United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). *See* U.S. Const. art. III, § 2.

[10]*See* U.S. Const. art. III, § 2; *Urban Developers v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) ("Ripeness is a question of law that implicates this court's subject matter jurisdiction…."); *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) ("Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'").

will only decide Article III cases or controversies."[11]

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."[12] "In the declaratory judgement context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."[13] "A suit for declaratory relief, while allowing a party to anticipate a suit and seek a judicial resolution, must nevertheless meet this keystone limitation."[14] "If at any time before final judgment it appears that [a case is not ripe such that] the district court lacks subject matter jurisdiction, the case shall be remanded."[15]

Nino's original petition demonstrates that his dispute with JPMorgan is not ripe. In the original petition, Nino stated that he "believes the home is in danger of foreclosure because his [loan] modification is stuck somewhere in the underwriting

---

[11] *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005).

[12] *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations and citations omitted).

[13] *Venator Grp. Specialty v. Matthew/Muniot Family*, 322 F.3d 835, 838 (5th Cir. 2003).

[14] *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

[15] 28 U.S.C. § 1447(c).

4

process."[16] This allegation shows that Nino anticipates foreclosure, but it does not show JPMorgan has taken any step toward foreclosure. Anticipation does not rise to the level of ripeness. Believing a lender may foreclose does not create a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests. Because Nino did not allege that JPMorgan has initiated foreclosure, the original petition demonstrates the absence of a ripe controversy between Nino and JPMorgan at the time of removal.

Nino attempted to cure the absence of a live controversy with his amended complaint, but the amended complaint referred to only threats of foreclosure.[17] Instead, of alleging that JPMorgan noticed foreclosure, Nino attempted to contrive a ripe controversy by alleging that JPMorgan is not the legal holder of his note and arguing that JPMorgan does not have authority to enforce the note or foreclose on the property.[18] Nino attached his loan documents to support his argument that JPMorgan does not have authority to foreclose on the loan, but he did not attach any document indicating JPMorgan initiated foreclosure action. Nothing in the amended complaint demonstrates a ripe controversy.

---

[16]Docket entry # 1, ex. A-2, p. 3.

[17]Docket entry # 6, pp. 5 & 8.

[18]Docket entry # 6, p. 6.

Even if this case presented a ripe controversy, the controversy would be barred by the *Rooker-Feldman* doctrine. Under that doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order.[19] "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[20] In this case, Nino's claims flow from the state-court order to proceed with notice of foreclosure sale and foreclosure. Nino's claims are inextricably intertwined with that order because an action to foreclose would flow from the order.

For example, in his fraud claim, Nino complained that JPMorgan committed fraud every time JPMorgan threatened to foreclose on the note.[21] This claim is inextricably intertwined with the state-court order because JPMorgan cannot foreclose without an order authorizing foreclosure. In support of his deceptive trade practices act claim, Nino complained that JPMorgan has no authority to foreclose because JPMorgan is not the holder or owner of the note.[22] This claim is inextricably intertwined with the

---

[19]*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[20]*Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

[21]Docket entry # 6, p. 5.

[22]*Id*. at p. 6.

state-court order because JPMorgan cannot foreclose without an order authorizing foreclosure. In support of his request for injunctive relief, Nino asked the court to enjoin JPMorgan from proceeding with foreclosure.[23] This request is inextricably intertwined with the state-court order because JPMorgan cannot foreclose without an order authorizing foreclosure. Because these claims are inextricably intertwined with the state-court order to proceed with notice of foreclosure sale and foreclosure, the Rooker-Feldman doctrine would bar a ripe controversy.

**Recommendation**. Because no case or controversy exists in this case, I recommend remanding this case to the 166th Judicial District Court. To the extent the parties may complain about the lack of notice that the district court is remanding because of lack of subject matter jurisdiction, the parties should consider this report and recommendation as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same,

---

[23]*Id*. at p. 10.

unless this time period is modified by the district court.[24] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[25] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

**SIGNED** on October 24, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[24] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[25] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[26] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).